IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| EDWARD TYRONE RIDLEY, | : | |
| --- | --- | --- |
| Petitioner | : | |
| VS. | : | 1 : 07-CV-114 (WLS) |
| ANDY SELLERS, Superintendent, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition on grounds of untimeliness, mootness, and failure to state a claim for federal habeas relief. This federal petition was filed on July 1, 2007.

*Background*

The petitioner pled guilty to two (2) counts of theft by taking in the Superior Court of Crisp County on July 6, 2004. The court imposed concurrent five (5) year sentences, to be served on probation. A petition to modify or revoke petitioner's probation was filed in November 2004, and on December 10, 2004, the court found that the petitioner had violated the terms of his probation as alleged and placed petitioner on "intensive probation supervision". In September 2006, a second petition to modify or revoke his probation was filed, and in October 2006, petitioner was again found to have violated the terms of his probation. The court revoked a portion of petitioner's probation, with time to be served at a probation detention center, but suspended the time to be served as long as petitioner attended an inpatient treatment program and abided by the terms of his probation. In November 2006, the petitioner's probation was apparently revoked, without a

hearing, and he was sent directly to a probation detention center. On December 1, 2006, the petitioner filed a state habeas petition in Treutlen County, which was subsequently transferred to Emanuel County, challenging in part the November 2006 revocation. In an order dated March 22, 2007, the habeas court granted relief in part, finding that petitioner was denied due process when he was sent to the detention center without a hearing. Petitioner filed an application for a certificate of probable cause to appeal the denial of other relief, which was denied on June 25, 2007.

On April 4, 2007, a petition to revoke petitioner's probation was filed in Crisp County. The trial court ultimately revoked 137-227 days of petitioner's probation, with time to be served at a probation detention center. Petitioner was released from the center relative to this revocation on September 10, 2007, and continues to be supervised by a probation officer in Crisp County.

*Untimeliness*

The respondent contends that in regard to his challenge to his July 2004 guilty plea convictions for theft by taking, the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under

this subsection." § 2244 (d)(2).

The respondent argues that petitioner's Crisp County theft by receiving convictions were "final" on August 5, 2004, when the time for filing a notice of appeal expired. Although in Georgia there is no unqualified right to a direct appeal from a guilty plea conviction, had the petitioner chosen to pursue an appeal, he had thirty (30) days from the date of his conviction, July 6, 2004, in which to file a notice of appeal. O.C.G.A. § 5-6-38. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year, or 365 days, from August 5, 2004, in which to file this federal petition, and/or toll the limitations period by filing a state habeas petition. The petitioner did not do so, and waited until December 1, 2006, to file his state habeas corpus, approximately 28 months after his convictions had become final. Accordingly, Grounds F and I herein, in which the petitioner challenges his 2004 theft by receiving convictions, are untimely.

*Mootness*

In Grounds A, B, D, E, H, and R, the petitioner raises challenges to his November 2006 detention. The respondent argues that these claims are now moot, inasmuch as the petitioner received habeas corpus relief on these grounds in March 2007 from the Emanuel Superior Court. The habeas court found that petitioner's November 2006 return to a probation detention center based on a probation violation but without a hearing was a due process violation and ordered petitioner's immediate return to Crisp County where he was to be afforded his due process protections. As the respondent argues, these grounds for relief are now moot, as the petitioner has already been afforded relief thereon and there remains no further remedy to be afforded him. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

The respondent also argues that Grounds C, G, I, J, K, O, and portions of Q and S, are

3

moot, as these grounds or portions of grounds attack his October 11, 2006, probation revocation hearing and his April 6, 2007, probation revocation hearing, and petitioner is no longer incarcerated as a result of either revocation proceeding. The petitioner was released f rom custody, having served his probated sentence, on September 10, 2007. Although the petitioner was "in custody" in regard to these probation revocations at the time this federal petition was filed, his claims became moot once he was no longer detained as a result of either revocation order and he failed to demonstrate some collateral consequence of the revocation. *Spencer*, 523 U.S. at 7 (petitioner challenging the revocation of his parole must demonstrate some concrete and continuing injury other than the now-ended parole in order to satisfy the case-or-controversy requirement; collateral consequences to the revocation of parole are not presumed.).[1]

*Failure to state a claim*

Finally, the respondent argues that petitioner's remaining grounds, M, N, P and the remainder of Q and S, fail to state bases upon which habeas relief may be granted. As the respondent points out, these grounds do not allege constitutional violations in the proceedings giving rise to petitioner's conviction, but instead complain about matters in his state habeas

---

[1]This issue of mootness is separate and distinct from the issue of the "in custody" requirement. Pursuant to 28 U.S.C. § 2254 (a), the "district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court*". (emphasis added). This "in custody" requirement is not met where the sentence sought to be challenged has completely expired. *Maleng v. Cook*, 490 U.S. 488 (1989). "We have interpreted the statutory language [of § 2254 (a)] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490. The "in custody" requirement is satisfied when "the petitioner [is] in physical custody under the challenged conviction at the time the petition was filed." *Id*. at 492. The petitioner is clearly no longer physically "in custody", although he was in the custody of the respondent at the time this federal petition was filed. Under these circumstances, the petitioner's subsequent release from custody does not render this federal habeas petition moot. *Carafas v. LaVallee*, 391 U.S. 234 (1968).

4

corpus case or ask for investigations into the circumstances preceding his incarceration at the probation detention center. As the respondent argues, these claims fail to state a claim for habeas relief, as they do not allege a violation of clearly established federal law or in the proceedings giving rise to the petitioner's conviction. Additionally, alleged infirmities in state habeas court proceedings do not entitle a federal habeas petitioner to relief. *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984).

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of August, 2008.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE